ATLANTIC COAST DISTRIBUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7088.   Promulgated December 20, 1927.

J. B. Grice, C. P. A., for the petitioner.
J. Arthur Adams, Esq., for the respondent.

OPINION.

GREEN: We have for consideration here the single question whether or not the petitioner is entitled to classification as a personal service corporation under section 200 of the Revenue Act of 1918.

The Act specifies three essential elements that must concur to constitute a corporation one of personal service—(1) the principal owners or stockholders shall be regularly engaged in the active conduct of the affairs of the corporation; (2) its income must be ascribed primarily to their activities; and (3) capital (invested or borrowed) must not be a material income-producing factor. The absence of any of these elements is fatal to a claim for personal service.

In the instant case, W. H. Mixon, who owned one-half of the stock, devoted considerable of his time to the management of two other concerns, from which he drew substantial salaries, while he drew no salary from the petitioner. The company, in the conduct of its business, employed other brokers to assist in the marketing of its goods. The petitioner, in addition to carrying on its brokerage business, also at certain seasons of the year traded as principal in seed potatoes and apples. This trading produced over one-fifth of its income, and in order to carry on this feature it was compelled to borrow money in substantial amounts. In addition to the profit received from such trading, particularly in the case of the seed potatoes, the petitioner benefited indirectly by both increasing and holding its business with the truck farmers, and also by reason of its all-year contract with wholesale produce dealers. These indirect benefits are attributable to the use of capital.

Accordingly we are of the opinion that the petitioner does not come within the terms of the above-mentioned section and is not entitled to be classified as a personal service corporation.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, LANSDON, and ARUNDELL.